IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROSLIND HARPER, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )   CIVIL NO. 05-397-WDS |
| | ) |
| **VILLAGE OF SAUGET, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is a Motion for Stay or Dismissal of Federal Court Proceedings filed by defendants the Village of Cahokia, Richard Watson Eric Bailey, Larry Flinn and Theresa Nichols (Doc. 31) (for purposes of this Order the Court will refer to the moving defendants generally as "Cahokia defendants")  to which plaintiffs have filled a response (Doc. 37).

### BACKGROUND

This is a case with a somewhat complex procedural history.  Plaintiffs, acting pro se, filed a handwritten complaint against the Village of Cahokia and two of  its police officers in state court in St. Clair County, Illinois, on March 7, 2005.  On the same day, plaintiffs filed a nearly identical case against the Village of Sauget and Sauget police officers, also in St. Clair County.  Defendants, The Village of Sauget, Jeff Donahey, and Patrick Delaney removed their action to this Court,  *Harper v. The Village of Sauget*. No. 05-397-WDS.  Plaintiffs thereafter retained counsel, who filed another federal action in March of 2006, *Harper v. Village of Cahokia*, 06-197-WDS.   The two two federal cases were consolidated in May of 2006.  All filings, since consolidation have been made in this action, *Harper v. The Village of Sauget,*  05-

397-WDS. The state court proceeding against the Village of Cahokia and its officers remains pending in St. Clair County, and that fact gives rise to the current motion.[1]

## ANALYSIS

### 1. Motion for Stay under *Colorado River*

In their motion, the Cahokia defendants argue that a stay or dismissal is warranted under what is commonly referred to as the "*Colorado River Doctrine,*" which is derived from the Supreme Court's ruling in *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976). In that case, the Court held that a stay or dismissal may be granted in deference to a parallel and ongoing state court proceeding. The Cahokia defendants assert that the *Colorado River Doctrine* should apply to this case because the state court action and this federal action are parallel and, therefore, it is likely that a judgment in one suit would have a *res judicata* effect on the other suit, and that several factors under the *Colorado River Doctrine* weigh in favor of abstention.

Plaintiffs claim it would be more appropriate for this court to hear this case, in part, because there is a presumption against abstention and, in part, because none of the exceptional circumstances which warrant abstention apply to this case. *Colo. River*, 424 U.S. at 81. The *Colorado River Doctrine* states that a federal court may, under certain limited circumstances, abstain from hearing a case when there is a parallel state proceeding pending. *Id*. at 813. This is not a jurisdictional bar because *Colorado River* presumes that jurisdiction is appropriate in both

---

[1] Before the consolidation, plaintiffs filed an amended complaint in this case (Doc. 16), alleging police brutality by defendants, Village of Sauget, Jeff Donahey, and Patrick Delaney (formerly sued as John Doe #1) in violation of 42 U.S.C. § 1983 and § 1988, *et seq*., and the Fourth and Fourteenth Amendments. Plaintiffs have not filed a second amended complaint in this Court that incorporates their claims against both sets of defendants, therefore, the Court will review the complaint originally filed in 06-197 (Doc. 1) for purposes of the review of the pending motion.

federal and state court.  *Id.* at 809.

The Seventh Circuit held in *Tyrer v. City of South Beloit, Ill.*, 456 F.3d 744, 751 (7th Cir. 2006), that under the *Colorado River Doctrine* the court should make a two-part inquiry to determine whether a stay is appropriate in order to avoid piecemeal litigation.  The court should first determine whether "the concurrent state and federal actions are actually parallel.  Then, once it is established that the suits are parallel, the court must consider a number of non-exclusive factors that might demonstrate the existence of 'exceptional circumstances'" 456 F.3d at 751 (*quoting Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004)).

In determining whether exceptional circumstances warrant abstention under *Colorado River*, a federal court examines, inter alia: 1) whether the state has assumed jurisdiction over property; 2) inconvenience of a federal forum; 3) desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by concurrent forums; 5) the source of governing law, i.e. state or federal; 6) adequacy of state-court action to protect federal plaintiff's rights; 7) relative progress of state and federal proceedings; 8) presence or absence of concurrent jurisdiction; 9) availability of removal; and, 10) vexation or contrived nature of the federal claim. 456 F.3d at 754.

The court In *Tyrer* stated that "the weight to be given any one factor is determined solely by the circumstances of the particular case–there is no mechanical formula by which to determine when a stay is appropriate." *Id*.  The existence of federal question jurisdiction weighs heavily against abstention, *id*.  In this case the plaintiffs have filed their federal claims under 42 U.S.C. § 1983 and § 1988, against these defendants, which establishes a basis for this Court's jurisdiction under federal law.

The Cahokia defendants argue that several factors strongly weigh in favor of abstention. Specifically, they assert: that the plaintiffs chose the state court in which to litigate their claims first, and that the state court obtained jurisdiction nearly one year before this Court, (Factor 4); that the state proceedings have progressed further than this proceeding because the state action is in the discovery process, (Factor 7); that the state court action is adequate to protect the plaintiffs' federal rights since "state courts, as much as federal courts, have solemn obligation to follow federal law." *Lumen Constr., Inc. v. Brant Constr. Co.,* 780 F.2d 691, 695 (7th Cir. 1985), (Factor 6); and that in this case the most important factor is the interest in avoiding piecemeal litigation and that the state action may preclude the need for any further proceedings in federal court (Factor 3).

Plaintiffs, however, point out that there are significant concerns with respect to avoiding piecemeal litigation. When plaintiffs filed the suit against the Cahokia defendants on March 7, 2005, that suit was filed *pro se*. As detailed above, that same day plaintiffs filed another *pro se* action against the Village of Sauget, also in state court, involving the same incident. Plaintiffs were not represented by counsel and did not realize they could have filled one joint action against all the defendants. By chance, both the removed federal Sauget case and the newly filed Cahokia case were assigned to this judge and cases were consolidated on a motion without objection. The record reveals that plaintiffs have filled a motion to stay the state proceedings in the state Cahokia case pending resolution of the federal Cahokia case. That motion to stay has apparently not yet been ruled on by the state court.

Although piecemeal litigation is an important factor in deciding in favor of abstention, in this case abstention would have the contrary effect. If this Court were to abstain from the

Cahokia action it would still be proceeding in the federal action against Village of Sauget and its police officers, which involves the same core of operative facts. Not only would this potentially require the plaintiffs to litigate the same incident involving Village of Cahokia and its police officers in state court, but it would result in having the same issues ruled on by two different courts.

The Court notes that other factors of the *Colorado River Doctrine* would not favor abstention. The state Cahokia case has not progressed far since filing (Factor 7). The record reveals that the only discovery that has taken place in the state Cahokia case is written discovery. This Court can require, moreover, that any discovery that has already taken place would be used in the case in this Court. Although plaintiffs filed both their state Cahokia case and state Sauget case first, federal jurisdiction was perfected when the Sauget defendants removed their case to federal court.

Under *Colorado River* the existence of federal question typically weighs heavily against abstention, and in this case the plaintiffs have filed a claim under 42 U.S.C. § 1983 and § 1988, which is a federal issue. As the Supreme Court stated, "only the clearest of justifications will warrant dismissal." *Colorado River*, 424 U.S. at 819. Given the presumption against abstention, *AXA Corporate Solutions v. Underwriters Reinsurance Corp.*, 347 F.3d 272, 278 (7th Cir. 2003), and the existence of federal jurisdiction, the Court **FINDS** that abstention is not warranted in this case.

## CONCLUSION

Accordingly, the motion for stay or dismissal filed by defendants the Village of Cahokia, Richard Watson, Eric Bailey, Larry Flinn, and Theresa Nichols is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 21, 2007.**

                                                **s/ WILLIAM D. STIEHL**
                                                    **DISTRICT JUDGE**