# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROSLIND HARPER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL NO. 05-397-WDS |
| | ) |
| VILLAGE OF SAUGET, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion to dismiss plaintiff's complaint (Doc. 42) to which the plaintiffs have filed a response (Doc. 55). This case arose out of a March 2004 incident where the plaintiff, Rosalind Harper, called the Cahokia Police Department at approximately 3:00 A.M. believing that a burglar was casing her residence. Although some of the facts of the case are in dispute, the following salient facts are not.

The Cahokia police responded to Harper's emergency call and a man loitering across the street was arrested. At approximately the same time Harper's boyfriend's brother, Henry Davis (whom she had also called), arrived at the residence. He was traveling at a high rate of speed, and was being followed by Officer Bailey of the Chaokia Police Department. Other officers, including back up officers from the Village of Sauget arrived on the scene and Davis was, himself, arrested once he arrived in Harper's driveway. During the commotion and the arrests, Harper and her children, the other named plaintiffs in the complaint, came out onto the front porch of the house. One of the plaintiffs, Krystal Davis, somehow became involved in an altercation with the police, was arrested for and subsequently convicted of resisting arrest and

obstruction of justice.[1] Defendants the Village of Cahokia, Eric Bailey, Larry Flynn, Teresa Nichols and Richard Watson seek dismissal of plaintiffs' complaint on the grounds that under *Heck v. Humphrey,* 512 U.S. 477 (1994) plaintiffs cannot maintain their cause of action against these defendants. The Village of Sauget defendants are not part of this motion to dismiss.

## BACKGROUND

This case is in a somewhat unusual procedural posture. There were originally two complaints filed with two sets of defendants from the same incident. The first complaint was filed pro se in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois and was removed to this Court, *Harper v. Village of Sauget,* No. 05-397-WDS (the "Sauget" complaint). Plaintiffs then retained counsel who filed an amended complaint against the Village of Sauget, Jeff Donahey, and Patrick Delaney for alleged violations of plaintiffs' civil rights relating to the March, 2004 incidents. The second complaint *Harper v. Village of Cahokia*, No. 06-197-WDS (the "Cahokia" complaint) was filed separately against the Cahokia defendants (the movants in this motion) and sought damages relating to the same incident in March of 2004. The Cahokia defendants are the Village of Cahokia, Richard Watson, Eric Bailey, Larry Flinn, Patrolman Teresa Nichols and John Doe #1. The Court consolidate the separate actions in May of 2006. Despite this consolidation, the plaintiffs have not filed one unified complaint setting forth their claims against all defendants.

The pending motion to dismiss is addressed to only the plaintiffs' claims against the defendants in the Cahokia complaint (formerly No. 06-197-WDS). The complaint is framed in

---

[1]Plaintiffs have conceded that Krystal Davis was convicted on these charges. They do not concede the factual summary the defendants have forwarded in their motion which led to her charges and subsequent convictions.

seven counts. Count I of the Cahokia complaint alleges excessive use of force by defendant Bailey against plaintiffs Harper, Krystal Davis and Katrina Davis. Count II alleges a failure by defendants Bailey, Flinn, Nichols and John Doe #1 to intervene and prevent use of excessive force against plaintiffs Harper and Krystal Davis by the Sauget Police officer and also failure by defendants (presumably *not* including defendant Bailey) to intervene and to prevent the use of excessive force against plaintiffs Harper and Krystal Davis and Katrina Davis by defendant Bailey.

Count III, brought on behalf of all plaintiffs, alleges that the defendants unlawfully arrested and prosecuted Rosalind Harper and Krystal Davis in violation of their Fourth Amendment rights. Count IV asserts claims based on failure to instruct, supervise, control and discipline by Chief Watson, as policymaker for the Cahokia police department, and the Village of Cahokia. Count V seeks recovery against defendant Bailey for intentional infliction of emotional distress; Count VI is based on claims of assault and battery against defendant Bailey and Count VII alleges common law negligence against defendants Bailey, Flinn, John Doe #1 and Nichols.

### DISCUSSION

The defendants seek to dismiss all claims raised in each of the eight counts. The Court will discuss each count in turn. A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir.1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, as well as construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First*

*Nat'l Bank of Cicero,* 998 F.2d 459, 461 (7th Cir.1993); *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir.1991). To be cognizable, the factual allegations contained within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). However, a pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.,* 184 F.3d 623, 627 (7th Cir.1999).

### 1. Count I: Excessive Use of Force.

In Count I, plaintiffs allege that Officer Bailey used excessive force against them in connection with his arrest of Henry Davis. The defendants seek to dismiss this claim on the grounds that there are no allegations that Officer Bailey used any force against Harper, or any plaintiff other than Katrina Davis and Krystal Davis. A careful review of the complaint supports the defendants' position, with respect to plaintiffs Katrice Davis, Kayanna Davis, Karis Davis and Isaiah Davis. Although the complaint seeks damages for excessive use of force, the only allegations are that plaintiffs Katrina Davis and Krystal Davis were somehow exposed to a use of force by Bailey, and that plaintiff Roslind Harper was Tasered by a Sauget police officer. There are no allegations that any of the Cahokia defendants used excessive force against plaintiff Roslind Harper. Therefore, the Court **GRANTS** defendants' motion to dismiss Count I as it relates to plaintiffs Rosalind Harper, Katrice Davis, Kayanna Davis, Karis Davis and Isaiah Davis.

The defendants seeks to dismiss the remaining plaintiffs' claims as barred by the doctrine in *Heck*, 512 U.S. 484. The Seventh Circuit has recognized that "The broad rule of *Heck* is that a plaintiff convicted of a crime in state court cannot bring a §1983 claim which, if successful,

would imply that his conviction was invalid, unless and until the conviction has been reversed on appeal or otherwise invalidated." *Reynolds v. Jamison*, 488 F.3d 756, 766-67 (7th Cir. 2007). This Court must "analyze the relationship between the plaintiff's § 1983 claim and the charge on which [the plaintiff] was convicted." *Vangilder v. Baker*, 435 F.3d 689, 691 (7th Cir. 2006). "[T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Seventh Circuit has held that "[a] plaintiff need not prove that *any* conviction stemming from an incident with the police has been invalidated, only a conviction that could not be reconciled with the claims of his civil action." 435 F.3d at 692. In *Vangilder* the plaintiff had been charged with felony battery on a police officer, but pleaded guilty to resisting a law enforcement officer, a misdemeanor. Here, the record reveals, and the parties do not dispute, that plaintiff Krystal Davis was convicted in St. Clair County, Illinois Court of obstructing a peace office and resisting a peace officer. As the court in *Vangilder* noted, resisting a law enforcement officer is a misdemeanor under Illinois law, which does not rise to the level of a *Heck* bar of a claim for excessive use of force. The Court notes that obstruction of a police officer is also a Class A misdemeanor. 720 ILCS § 5/31-1(a). Therefore, under the holding in *Vangilder* plaintiff Krystal Davis' claim for excessive use of force is not barred under *Heck*.

Therefore, the Court **DENIES** defendants' motion to dismiss the excessive use of force claims raised by plaintiff Krystal Davis. The defendants seek to dismiss Katrina Davis' claim on the grounds that it is barred by *Heck*. There is nothing in the record to reveal that Katrina Davis was convicted of any offenses which would require a *Heck* review, therefore, the Court **DENIES** the motion to dismiss Katrina Davis' claim based on excessive use of force.

### 2. Count II, Failure to Intervene.

The defendants, in addition to reasserting their *Heck* bar claim, seek dismissal of Count II on the grounds that the only proper plaintiffs are Krystal and Katrina Davis, again because they were the only plaintiffs allegedly subject to the use of force. To sustain a claim for failure to intervene, a plaintiff must show that the officer had reason to know "that any constitutional violation has been committed by another law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring." *Windle v. City of Marion,* 321 F.3d 658, 663 (7th Cir.2003). The Court, therefore, **GRANTS** the motion to dismiss the failure to intervene claims brought by plaintiffs Katrice Davis, Kayanna Davis, Karis Davis and Isaiah Davis as there are no related excessive use of force claims brought by these plaintiffs.

In light of the fact that this is a motion to dismiss, not a summary judgment motion, the Court **DENIES** defendants' motion to dismiss the failure to intervene claims brought by plaintiffs Krystal Davis and Katrina Davis. These claims are not subject to issue preclusion because these plaintiffs' excessive use of force claim is not barred by the *Heck* doctrine. In light of the allegations of tasering against Roslind Harper, her claim of failure to intervene will survive this motion to dismiss as well.

### 3. Count III: Unlawful Arrest and Prosecution

In Count III plaintiffs assert that one or more of the defendants wrongfully arrested and prosecuted Roslind Harper and Krystal Davis in violation of their Fourth Amendment rights. Plaintiff Krystal Davis has conceded that this claim would be barred by the *Heck* doctrine, therefore, the Court **GRANTS** defendants' motion to dismiss the claims of Krystal Davis for unlawful arrest and prosecution. There is nothing in the record to reveal that, other than Roslind

Harper, any of the other plaintiffs were subject to unlawful arrest and prosecution, therefore, the Court **GRANTS** defendants' motion to dismiss as to plaintiffs Katrice Davis, Kayanna Davis, Karis Davis and Isaiah Davis and their claims of unlawful arrest and prosecution are **DISMISSED**.

With respect to plaintiff Roslind Harper's claim, however, she has acknowledged that under the provisions of *Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001) if she can bring a state law claim for malicious prosecution, she cannot bring a similar constitutional claim for malicious prosecution. She seeks leave to amend the complaint to raise a state law based claim, rather than a federal claim. Upon review of the record, the Court **GRANTS** defendant's motion to dismiss plaintiff Roslind Harper's motion for unlawful arrest and prosecution brought pursuant to § 1983. The plaintiff may raise a state law based claim in her Second Amended Complaint.

### 4. Count IV: Failure to Instruct, Supervise, Control and Discipline

In Count IV plaintiffs seek recovery against the Village of Cahokia and Rick Watson, as "policymaker" for the Village for the failure to control the conduct of unspecified officers. As a "policymaker," therefore, Chief Watson is being sued in his official capacity. It is well settled that suits against an individual in his official capacity are the same as a suit against the municipality, in this case, the Village of Cahokia. *Estate of Sims ex rel Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007). Therefore, the plaintiffs' claim against Watson is the same as a claim against the Village, both cannot survive, and the Court **GRANTS** Watson's motion to dismiss Count IV.

With respect to plaintiff's claims against the municipality, to survive a motion to dismiss, plaintiff must do more than merely allege a policy. The complaint must allege that an official

policy or custom not only caused the Constitutional violation, but was "the moving force" behind that violation. *See, City of Canton, Ohio v. Harris,* 489 U.S. 378, 389 (1989); *Arlotta v. Bradley Center,* 349 F.3d 517, 521-22 (7th Cir.2003). Without an unconstitutional policy, there cannot be official capacity liability; only individual-capacity liability is possible. The "official policy" requirement for liability under § 1983"distinguish[es] acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986). "Misbehaving employees are responsible for their own conduct[;] 'units of local government are responsible only for their policies rather than misconduct by their workers.'" *Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir.2007) (*quoting Fairley v. Fermaint,* 482 F.3d 897, 904 (7th Cir.2007)). A plaintiff may show official policy through: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. *Lewis,* 496 F.3d at 656. Therefore, *respondeat superior* is not a basis for imposing § 1983 liability on a supervisor absent a showing of knowledge and approval of the subordinate's conduct. *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467 (7th Cir. 1997). Count IV simply alleges general, boilerplate allegation of a policy. Therefore, the allegation of Count IV simply do not suffice and the Court **GRANTS** defendants' motion to dismiss plaintiffs' claims in Count IV against the Village of Cahokia.

### 5. Count V: Intentional Infliction of Emotional Distress

Defendant Baily seeks to dismiss plaintiffs' claims in Count V on the grounds that the

plaintiffs have failed to show that a police officer's use of force to arrest a subsequently convicted plaintiff does not rise to the level of conduct that was "beyond all bounds of decency and considered intolerable in a civilized society." *Honaker v. Smith*, 256 F.3d 447, 490 (7th Cir. 2001). In light of the fact that the Court's inquiry in a motion to dismiss reaches only the sufficiency of the pleadings, and based on the Court's prior determination that plaintiffs Krystal and Katrina Davis' excessive use of force claims survive, the Court **DENIES** defendant Bailey's motion to dismiss Count V.

### 6. Count VI: Assault and Battery

Baily seeks dismissal of plaintiffs' claims for assault and battery based on the prior claims raised with respect to the excessive use of force claims. Although the claim is brought on behalf of all plaintiffs, only plaintiffs Roalind Harper, Krystal Davis and Katrina Davis allege assault and battery claims against Bailey. Therefore, the Court **GRANTS** in part and **DENIES** in part defendant's motion to dismiss the assault and battery claims. The Court **GRANTS** the motion as it applies to plaintiffs Katrice Davis, Kayanna Davis, Karis Davis and Isaiah Davis, as there are no allegations involving defendant Bailey and these plaintiffs. The Court **DENIES** the motion to dismiss as it applies to plaintiffs Roslind Harper, Krystal Davis and Katrina Davis.

### 7. Count VII: Negligence

The defendants Bailey, Flinn and Nichols seek dismissal of plaintiffs' state-law negligence claims on the grounds that these claims are barred by the Local Governmental and Governmental Employees' Tort Immunity Act. 745 ILCS 10/2-202. This act shields government employees from claims of negligence. *Young v. Forgas,* 720 N.E.2d 360, 364 (Ill. App. Ct. 1999). Although plaintiffs assert that their claim is really one for willful and wanton

activities by these defendants, and alleges willful and wanton activities, it is framed as a negligence claim. The Court therefore **GRANTS** defendants' motion to dismiss Count VII as plaintiffs cannot support a negligence claim against these state actors. Plaintiffs can remedy this pleading flaw in their Second Amended Complaint.

### 8. The "John Doe" defendant

The Court sua sponte **DISMISSES** plaintiffs claims against the defendant identified only as "John Doe."

## CONCLUSION

Therefore, in summary, the Court **GRANTS** in part and **DENIES** in part defendants' motion to dismiss as follows:

The Court **GRANTS** the motion to dismiss the excessive use of force claims in Count I by plaintiffs Roslind Harper Katrice Davis, Kayanna Davis, Karis Davis and Isaiah Davis, and **DENIES** the motion as to plaintiffs Katrina Davis and Krystal Davis.

The Court **GRANTS** the motion to dismiss the failure to intervene claims in Count II by plaintiffs Roslind Harper Katrice Davis, Kayanna Davis, Karis Davis and Isaiah Davis, and **DENIES** the motion as to plaintiffs Katrina Davis and Krystal Davis.

The Court **GRANTS** defendants' motion to dismiss and plaintiffs' claims for unlawful arrest and prosecution based on § 1983 in Count III are **DISMISSED** in their entirety.

The Court **GRANTS** the motion to dismiss the claims in Count IV against defendant Bailey and the Village of Cahokia for failure to instruct, supervise, control and discipline, and those claims are **DISMISSED**.

The Court **DENIES** defendant Bailey's motion to dismiss the intentional infliction of emotional distress claims in Count V.

The Court **GRANTS** in part and **DENIES** in part defendant Bailey's motion to dismiss the assault and battery claims in Count VI. The Court **GRANTS** the motion as it applies to plaintiffs Katrice Davis, Kayanna Davis, Karis Davis and Isaiah Davis and **DENIES** the motion to dismiss as it applies to plaintiffs Roslind Harper, Krystal Davis and Katrina Davis.

The Court **GRANTS** defendants' motion to dismiss Count VII based on state-law claims of negligence.

The Court sua sponte dismisses plaintiffs' claims against the John Doe defendant.

The plaintiffs are **GRANTED** leave to file, within fourteen (14) days of the date of this Order an amended complaint that combines plaintiffs claims against both the Sauget and Cahokia defendants and complies with the Court's rulings in this Order.

Also before the Court is plaintiffs' motion to continue the final pre-trial and trial of this matter (Doc. 62) to which the defendants have filed responses stating that they agree with the motion (Docs. 63, 64). The parties indicate that they have a few remaining depositions to take which they have been unable to complete due to scheduling conflicts. In light of the fact that the discovery deadline in this case was continued once previously to January 30, 2008, an additional 20 days to complete discovery should be sufficient in this matter. Therefore, the Court GRANTS, in part, the motion to continue. The final pre-trial in this matter is continued until Wednesday, February 27, 2008, at 11:00 A.M.. The presumptive trial month of March remains the same.

**IT IS SO ORDERED.**

**DATED:   February 6, 2008.**

                                             <u>s/ WILLIAM D. STIEHL</u>
                                                   **DISTRICT JUDGE**